[PHILADELPHIA, JANUARY 28th, 1837.]

## LUCIANI *against* The AMERICAN FIRE INSURANCE COMPANY.

1. A policy of insurance executed by the defendants, an incorporated company, under their seal, for the term of one year, contained a clause that persons desirous of continuing their insurances, might do so by a timely payment of the premium, without being subject to any charge for the policy.  The insurance was accordingly continued from year to year by endorsements on the policy, which were not under seal : *Held*, that these endorsements did not continue the instrument as a specialty ; and therefore, that the action of covenant would not lie to recover for a loss incurred after the expiration of the first term.

2. The plaintiff might have demanded a policy in conformity with the clause, and have maintained an action for the breach of it; or he might, perhaps, maintain *assumpsit* on the contract remaining in parol.   Per GIBSON, C. J.

THIS was an action of covenant brought in the Supreme Court to March term 1836, by John Luciani against the American Fire Insurance Company, on a policy of insurance against fire.

The policy was dated the 14th day of November, A. D. 1833, and was limited to one year; but the insurance had been continued by successive annual renewals endorsed on the policy, but without any seal affixed to the endorsements, and with variations as to the amount insured and the premium; the last renewal having been on the 14th day of November 1835. The loss happened on the 10th of January 1836.

The following declaration was filed.

" The American Fire Insurance Company of Philadelphia were summoned to answer John Luciani of a plea, that the said company keep with him ·the covenants made by the said company with the said L. according to the force, form and effect of a certain policy of insurance, between them made, &c. And thereupon the said J. L., by I. H. his attorney, complains, for that whereas heretofore, to wit, on the fourteenth day of November, one thousand eight hundred and thirty-five, at Philadelphia in the state of Pennsylvania, by a certain instrument, or policy of insurance, sealed with the common seal of the company aforesaid, which the said L. now here into court brings, the date whereof is the same day and year aforesaid; reciting, that whereas, the said company had received of the said L. the sum of 24 dollars 50 cents, premium for insuring on merchandise, six thousand four hundred dollars, on furniture, five hundred dollars, and on fixtures, one hundred dollars; the capital stock, estate, and securities of the said company should be subject and liable to pay, make good, and satisfy unto the said J. L., his heirs, executors, administrators, or assigns, all such damage or loss which should, or might happen by fire to the property above-mentioned, from the date thereof to the full end and term of one year, not exceeding in the whole the sum of seven thousand dollars, according to the amounts as above-mentioned; unless the said company shall within thirty days after the proof of such damage to, or loss of the merchandise, furniture, and fixtures aforesaid insured, furnish the said insured with the like quantity of any, or all, of the said goods, and of the same quality as those so injured by fire, or should make good the damage or loss by paying therefor.

And the said J. L. further says, that during the continuance of the said policy, the aforesaid goods specified in the said policy, happened to be, and were set on fire, and were much burnt, damnified and hurt by the said fire, and that the loss and damage which happened to the said goods by the said fire, amounted to a large sum of money, to wit, to the sum of ten thousand dollars, whereof the said the American Fire Insurance Company then and there had notice and full and sufficient proof. And yet the said company or their officers, workmen or assistants, or any of them, did not after proof of said loss and damage so happened to the said goods, give direction for putting the same in as good a condition as the same

(Luciani *v.* The American Fire Ins. Co.)

were before, by the fire, or make good the loss or damage by pay-
ing therefor. Neither did the said company within thirty days, or
at any time since, after proof of the damage, or loss aforesaid, to
the aforesaid goods, furnish the said J. L. with the like quantity of
all or any of the said goods, or of the same quality of those so injur-
ed by the said fire, nor make good the damage or loss aforesaid, by
paying therefor, which they ought to have done, according to the
form and effect of the said covenant in that behalf made; and that
the said American Fire Insurance Company, though often requested,
have not kept their said covenant with the said J. L. whereby the
said J. L. says, he is damnified to the value of ten thousand dollars,
and therefore he brings suit, &c."

The defendants craved oyer of the instrument, and demurred
generally.

On a former day Mr. *Hazlehurst,* for the plaintiff, obtained a rule
to show cause, why the declaration on the record should not be
withdrawn; and the following substituted:

" The American Fire Insurance Company, a body politic and
corporate in law, were summoned to answer John Luciani of the
county aforesaid, of a plea that they keep with him the covenants
made between them, according to the force, form and effect of a
certain deed made by the said The American Fire Insurance Com-
pany to the said J. L., and so forth, Whereupon the said J. L. by
I. H., his attorney, complains, for that whereas by a certain deed
commonly called a policy of insurance, made by the said The Ame-
rican Fire Insurance Company, and by them sealed with their
common seal, on the fourteenth day of November, in the year of
our Lord one thousand eight hundred and thirty-three, at Phila-
delphia, to wit, at the county aforesaid, which said deed sealed as
aforesaid, the said plaintiff now into court brings, bearing date the
day and year aforesaid; reciting that the said The American Fire
Insurance Company had received of the said plaintiff seven dollars
premium for making insurance, according to the tenor of their
printed proposals and conditions thereunto annexed, upon merchan-
dise generally, wholesale and retail, composing the stock of a confec-
tioner, in a brick-building, No. 205 North Second-street, namely, on
merchandise, sixteen hundred dollars, fixtures, one hundred dollars,
and household goods, three hundred dollars—they, the said The
American Fire Insurance Company, did then and there covenant,
promise and agree, to and with the said plaintiff, that in considera-
tion thereof the capital stock of five hundred thousand dollars, estate,
and securities of The American Fire Insurance Company should be
subject and liable to pay, make good and satisfy unto the said
insured, his heirs, executors, administrators or assigns, all such
damage or loss which should or might happen by fire to the pro-

(Luciani *v.* The American Fire Ins. Co.)

perty above-mentioned, from the date thereof to the full end and term of one year, not exceeding the sum of two thousand dollars, unless the said company should within thirty days after the proof of such damage or loss, furnish the said insured with a like quantity of any or all of the said goods, and of the same quality as those so injured by fire, or should make good the damage or loss by paying therefor, according to an estimate thereof to be made by arbitrators indifferently chosen, whose award in writing should be conclusive and binding on all parties. And it was thereby agreed by the said parties, that that policy should expire at twelve o'clock at noon, on the fourteenth day of November, in the year of our Lord one thousand eight hundred and thirty-four. And whereas, also, on the twenty-eighth day of May, in the year of our Lord one thousand eight hundred and thirty-four, the said The American Fire Insurance Company, as appears by endorsement on the said policy of insurance, received of the said plaintiff one dollar by way of premium, for an insurance of five hundred dollars; namely, on merchandise, three hundred dollars, and furniture, two hundred dollars, on the terms and conditions aforesaid, until the fourteenth of November, in the year of our Lord, one thousand eight hundred and thirty-four, at noon. And whereas the said The American Fire Insurance Company, on the fourteenth day of November, eighteen hundred and thirty-four, at the county aforesaid, in consideration of the sum of ten dollars and fifty cents, paid to them by the said plaintiff, as appears by endorsement on the said policy, did agree to continue the said insurance for one year, ending at noon on the fourteenth day of November, eighteen hundred and thirty-five, for the sum of three thousand dollars, namely, on merchandise, two thousand four hundred dollars, on furniture, five hundred dollars, and on fixtures, one hundred dollars. And whereas, also, on the seventeenth day of March, eighteen hundred and thirty-five, the said The American Fire Insurance Company received of the said plaintiff the sum of five dollars, by way of premium for an additional insurance on the said merchandise, furniture and fixtures, on the terms and conditions aforesaid, until the fourteenth day of November, eighteen hundred and thirty-five at noon. And whereas the said The American Fire Insurance Company, on the fourteenth day of November, eighteen hundred and thirty-five, at the county aforesaid, in consideration of the sum of twenty-four dollars and fifty cents, paid to them by the said plaintiff, by endorsement on the said policy, did agree to continue the said insurance for one year, ending at noon on the fourteenth day of November, eighteen hundred and thirty-six, for the sum of seven thousand dollars, that is to say: on merchandise, six thousand four hundred dollars, on furniture, five hundred dollars, and on fixtures, one hundred dollars. And the said plaintiff in fact, further says, that at the time of making the said policy of insurance, he, the said plaintiff, was interested in the said insured merchandise,

(Luciani *v.* The American Fire Ins. Co.)

furniture and fixtures, in the said policy of insurance mentioned, and thereby intended to be insured to a large amount, to wit, to the amount of seven thousand dollars, to wit, at Philadelphia aforesaid, and remained, and continued so interested therein, and owner thereof, from the making of the said policy of insurance till this time. And the said plaintiff doth aver, that afterwards, to wit, on the tenth day of January, eighteen hundred and thirty-six, at the county aforesaid, while the said policy of insurance was in full force, the said merchandise, furniture and fixtures, now of great value, to wit, of the value of seven thousand dollars and over, were then and there injured, and wholly destroyed by fire, whereof notice and due proof, afterwards, to wit, on the twelfth day of January, in the year last mentioned, was given by the said plaintiff, to the said The American Fire Insurance Company ; and the said The American Fire Insurance Company did then and there become liable to pay the said plaintiff the said sum of money, unless the said company should within thirty days after the proof of such damage or loss, furnish the said insured with a like quantity of any or all of the said goods, and of the same quality as those so injured by fire, or should make good the damages or loss by paying therefor, according to an estimate then to be made by arbitrators, indifferently chosen, whose award in writing should be conclusive, and binding on all parties.

And the said plaintiff did then and there require them to pay him the said sum of seven thousand dollars so by them assured in manner aforesaid, unless they should make good the said damages as aforesaid, according to the form and effect of the said deed and of the covenant in that behalf so made as aforesaid. Yet the said J. L. in fact saith, that the said The American Fire Insurance Company have not paid to him the said sum of seven thousand dollars or any any part thereof, nor made good the said damage in manner aforesaid, contrary to the form and effect of the said deed, and of their covenant so made by them in that behalf as aforesaid. And so the said John saith, that the said The American Fire Insurance Company, although often thereto requested, have not kept with and performed to him their aforesaid covenant, but have broken the same, and to perform the same have altogether refused, and still do refuse, to the damage of the said John of ten thousand dollars, lawful money of the United States, and therefore he brings suit, &c."

Mr. *Hazlehurst* now contended that the amendments ought to be admitted, as they set forth no new cause of action; and according to the cases, so long as the plaintiff adheres to the original ground of his claim, he has a right to amend. *Rodrigue* v. *Curcier,* (15 *Serg. & Rawle,* 83.) *Coxe* v. *Tilghman,* (1 *Wharton's Rep.* 287.) Even after judgment on demurrer, the Court will grant leave to amend. *Burke* v. *Huber,* (2 *Watts,* 311.) The question then is, whether the renewal of an insurance is not to be considered as a re-execution of

(Luciani *v.* The American Fire Ins. Co.)

the instrument. The instrument is the same, and so are the parties. It is not a substituted agreement, but a continued one. In *Vickary* v. *Moore,* (2 *Watts,* 451,) there was an agreement for an alteration, which resolved the whole into parol. In the present case, there was no modification. In *Gower* v. *Sterner,* at this term, (*ante,* p. 75,) it was held that the plaintiff might declare in covenant upon a specialty amended by parol. In *Moliere* v. *The Penn. Fire Ins. Co.* (5 *Rawle,* 247,) covenant was brought under circumstances like the present, and the exception was not taken.

Mr. *W. B. Reed,* and Mr. *F. W. Hubbell,* for the defendants :—

The averments in the two declarations differ materially. This is not the case of a mere renewal, or continuance from year to year— there was an enlarged risk, and a new premium. By the policy, he was entitled to a new instrument under seal, upon which he might have maintained covenant; but upon the parol agreement for renewal, he can only maintain *assumpsit.* It is settled that *assumpsit* will lie against an Insurance Company; 2 *Phillips on Ins.* 377. Where a specialty has been varied by parol, the plaintiff must sue in *assumpsit. Vansant* v. *Sanford,* (12 *Johns.* 197.) These agreements are not mere renewals, but substantive agreements. The cases on the subject of amendments, show that the new declaration is not admissible. *Farmers & Mechanics' Bank* v. *Israel,* (6 *Serg. & Rawle,* 294.) *Diehl* v. *M'Glue,* (2 *Rawle,* 337.) *Coxe* v. *Tilghman,* (1 *Wharton's Rep.* 289.)

The opinion of the Court was delivered by

Gibson, C. J.—An alteration which is not an amendment, may be disallowed; and indeed the parties have put the issue of the contest on the question whether covenant is maintainable on the case set out in the new counts; or, in other words, whether the insurance laid, was effected by specialty, or by parol. The original *policy* covered the stock of a confectioner, valued at $2000; which was, by express stipulation, to expire at the end of a year. It is not pretended that any new policy was sealed; but it is supposed that subsequent contracts of insurance were introduced into the old one, through a clause in the printed conditions annexed to it, which is undoubtedly a part of it. By this clause, it is provided that "persons desirous of continuing their insurances, may do so, by a timely payment of the premium, without being subject to any charge for the policy;" and the first step taken by the assured, was not to continue the original insurance, but to insure an additional sum by payment and endorsement of an additional premium within the year, and without a correspondent alteration of the instrument, or the execution of a new one. The amount insured was extended by

(Luciani *v.* The American Fire Ins. Co.)

payment and endorsement of a further premium at the end of the first year, to $3000, and swelled during the second, to $5000; which was further increased for the third, being that in which the loss occurred, by $2000 more. Now stript of the right of renewal, it would not be pretended, that the executed policy had not expired by efflux of time, or that without adaptation and redelivery, it could be used to embody a subsequent contract. The commercial nature of insurance, may serve to relax the rigidity of rules of construction; but it can dispense with no technical formality inherent in the constitution of a common law instrument. Unassisted by a particular stipulation, an expired policy stands on the footing of an expired lease, which, though it be competent to show the conditions of a subsequent letting by parol, is incompetent to show a subsequent letting by deed, unless it were re-delivered, having been altered to comport with the date and duration of the term. What, then, is the effect of the clause in question, which, it must be admitted, was as effectually incorporated with the original policy, as if it were contained in the body of it? It runs, that previous insurance might be prolonged by payment of premium only, and without an additional charge for the policy. Does that import a right to renew the contract as a specialty, without renewing the instrument as a specialty? It imports no more than that the instrument should be furnished by the company free of an expense which would otherwise have been equal to the premium of an insurance on $500, and which might well be thought sufficiently important, to be made a subject of particular stipulation. But taking that to be otherwise, how could the essence of a contract be changed by an agreement, so as to make that a specialty which is no specialty by the common law? It is to be remembered, that the action is not on the instrument as it was executed; that the insurance effected by it, expired at the appointed time; that the clause in question, regards insurance to be made thereafter; and that every renewal, even on the old terms, was necessarily to be a distinct contract—a consideration which makes it unnecessary to insist on the fact, that each renewal was actually on new and different terms. Now it will not be pretended, that an agreement can dispense with those forms of subsequent execution, which the law declares essential to give the contract extension, and yet preserve its generic character. A clause that subsequent verbal alterations or additions, should be treated as if they were incorporated with the instrument, and make the whole a specialty, would fail of the effect; and parol endorsements have no greater force than verbal stipulations. A covenant that notes or bills to be drawn, should have the qualities of specialties, would not make them so, or confound the settled distinctions of the law. It is said by *Perkins,* sect. 129, that a deed must be actually sealed; and that a writing delivered as a deed, is not such without it—a principle observed in *Taylor* v. *Glaser,* (2 *Serg. & Rawle,* 502,) where the writing, though

said to be sealed in the conclusion, and in the memorandum of attestation, was held to be but parol. If, then, the payment of a further premium cannot make the old policy a new one, what is the effect of it? Precisely the effect of an order to insure, and no more. The plaintiff might have demanded a policy in conformity to the clause, and have maintained an action for a breach of it; or he might perhaps maintain *assumpsit* on the contract remaining in parol: but he cannot maintain covenant on what is no more than the conditions of a deed to be executed.

Rule discharged.