ACTION of covenant on a policy of insurance and demurrer to the second count in the declaration, which after alleging the substance of the policy of mutual and perpetual insurance in the usual form, and that it was made and sealed with the corporate seal of the company, and signed by the President of it, and was executed and delivered to the plaintiff on the twenty-second day of August in the *Page 307 
year of our Lord one thousand eight hundred and sixty five, and that the insurance by it was in the sum of three thousand dollars on the following property, to wit, on stock of wool and woolen goods, materialsc., in their two storied brick factory in Smyrna, Del., and making profert of the same, further alleged that after the making of the policy as aforesaid, and before any loss or damage insured against by virtue of it, had occurred to or befallen the plaintiff, and while the same remained and continued in full force and effect, to wit, on the twenty-second day of January in the year of our Lord one thousand eight hundred and sixty-eight, the plaintiffs being desirous of terminating the said insurance on the said goods in the said two storied brick factory in Smyrna, Del., and that the same should then cease and terminate, and in lieu thereof the said insurance for three thousand dollars should be transferred to the brick building containing the same, and that the latter should be substituted therefor, of which the company, the defendants, had notice, and thereupon while, the said policy was in full force and effect, on the day and year last mentioned, by a certain memorandum indorsed or incorporated in, and made a part of the said deed poll or policy of insurance, and subscribed by one Samuel D. Smith, the Secretary of the said company, by the defendants then and there duly authorized in that behalf, it was covenanted and agreed by and between the said plaintiffs and the said corporation, that the said above mentioned insurance for three thousand dollars on stock of wool and woolen goods, was on the day and year last mentioned with the consent of the company, transferred to the brick building containing the same, whereby and by force of the said last mentioned covenant and agreement of the said defendant made and entered into as aforesaid, the said insurance for three thousand dollars for said stock of wool and woolen goods, material c. in the two story brick factory of the said plaintiffs in Smyrna, Del., ceased and terminated, and in lieu thereof the said insurance for three thousand dollars was transferred to the brick building containing *Page 308 
the same, subject to all and singular the stipulations, provisions, conditions, matters and things in the said deed poll or policy of insurance contained and herein before in this count particularly mentioned and set forth, and that by force and effect of the same so made and entered into, and so indorsed upon, incorporated into, and made a part of the said deed poll or policy of insurance, the defendant did then and there promise according' to the provisions of the said act of incorporation and by-laws to settle and pay unto the plaintiffs all losses or damages, not exceeding in the whole the sum of three thousand dollars which should or might happen to the said brick building containing the said stock of wool and woolen goods, materials c. by reason or by means of fire during the time the said policy of insurance should remain in force; the said loss to be estimated c. The count then proceeded with all the averments, material or usual in such cases, and closed with the allegation of the total destruction of the building by an accidental fire on the 11th day of September 1870, whereby the plaintiffs sustained damage and loss to the amount of six thousand dollars including the said sum of three thousand dollars so insured in the said brick building and so burnt, consumed and destroyed, and with the breach of the covenant by the refusal of the defendant to pay them.
The demurrer was as follows: And the said defendant by c., comes and defends c., and says that the said second count of the said declaration and the matter therein contained in manner and form as the same are above stated and set forth, are not sufficient in law for the said plaintiffs to have and maintain their aforesaid action thereof against the said defendant, and it, the said defendant, is not bound by law to answer the same. And this it is ready to verify, wherefore, by reason of the insufficiency of the said second count of the said declaration in this behalf the said defendant prays judgment, and that the said plaintiffs may be barred from having or maintaining their aforesaid action against it. *Page 309 
And the said defendant, according to the form of the statute in such case made and provided, states and shows the Court here the following causes of demurrer to the said second count in the said declaration, that is to say: 1st. For that said plaintiffs seek to recover in an action upon the deed poll or policy of insurance in said second count of the declaration mentioned, made, signed, sealed and delivered on the twenty-second day of August in the year of our Lord one thousand eight hundred and sixty-five, and assign as a breach the nonperformance of a supposed covenant in the memorandum indorsed on said deed poll on the twenty-second day of January in the year of our Lord one thousand eight hundred and sixty-eight. 2nd. And also for that the action, if any the plaintiff have, should have been brought upon the memorandum indorsed upon the said deed poll, and not upon the said policy of insurance. 3rd. And also for that it is not stated in the said second count of said declaration that the said indorsement in the said second count mentioned as written upon the said deed poll or policy, whereby a certain brick building or factory is alleged to have been insured by the said defendant, in lieu of the said stock of wool, woolen goods in said deed poll or policy in said count mentioned, was signed by the President of the said company and also had the corporate seal of said company affixed thereto. 4th. And also for that the said plaintiffs in the said second count of the said declaration have declared against the said defendant in covenant upon an indorsement not under seal, in said second count alleged to have been intended, and to be effectual, to vary the terms of the said deed or policy, which is under seal. And also for that the said second count of said declaration is in other respects uncertain, informal and insufficient.
The instrument was in the usual printed form of the policies issued by the company with lineal blanks in the heading and conclusion of it for the insertion of names, dates and sums of money with a pen, and also with an intermediate blank space of ample extent for plaintiffs insertion of the *Page 310 
property insured and the estimated value of it in like manner. The date of its execution, the seal of the company and signatures of the President and Secretary of the company were all at the foot of the policy. Above these in the intermediate blank were the following entries with a pen:

On stock of wool and woolen goods, material c.,
 in their two storied Brick Factory in Smyrna,
 Del.
Amount insured, ............................................... $3,000

The factory is insured for $3,000 in The Farmers Mutual.
The Machinery is insured for $2,000 in The Kent County Insurance Co.
1868, January 22d. The above insurance of $3,000 on stock of wool and woolen goods has this day with the consent of this Company been transferred to the Brick Building containing the same.
 SAML. D. SMITH, Secretary.
 Bates, (Eli Saulsbury with him) for the defendant. The indorsement and the substantial alteration introduced by it in the policy on which the second count in the narr proceeds, was made just two years and five months after the deed poll or policy of insurance had been in all respects and in due form, signed, scaled, executed and delivered by the company, as specifically prescribed and required by the act of incorporation and by-laws of it; and, of course, after the signature of the President and the corporate seal of the company had been duly and formally affixed to it, and it had been delivered to the plaintiff, and by virtue of which it became, and alone could have become, the act and deed of the company. There was in point of fact, no surrender of the instrument by the plaintiffs to the company, and no re-execution, renewal or re-delivery of it by the company to the plaintiffs with any of the forms or solemnities expressly required as essential to the validity of such a deed or act *Page 311 
of the company; but it was simply on the day stated, presented to the Secretary of the company who made the entry of the 22d of January 1868, in the blank above the seal and signature of the President and the date of it, in the body and upon the face of the policy as we now find it, and who then simply subscribed his name as secretary to it, and handed it back to the plaintiffs, or at least, to one of them. But this was an action of covenant, so far as the second count was concerned, directly and expressly upon that important and substantial variation or alteration made by parol agreement and inserted in the body of the policy by the Secretary of the company alone long after it had been signed, sealed, executed and delivered in due form as the solemn act and complete deed of it to the plaintiffs. An action of covenant, however, would lie only for the breach of a promise or agreement by deed or specialty, or in writing and under seal; and no deed or sealed instrument can be varied or altered by parol agreement, or by any agreement, except under seal. Charter of Co., Del. Laws. 10 Vol. 277,secs. 4, 6. Ch. on Contr. 534. Brown vs. Goodman, 3 T. R. 592, note b.Heard vs. Wadham, 1 East. 619. Cordwent vs. Hunt, 4 E. C. L. R. 216.West vs. Blakeway, 40 E. C. L. R. 598. 2 Amer. Ld. Ca. 590, 591. Vickaryvs. Moore, 2 Watts 461. Lehigh Nav. Co. vs. Harlan, 27 Penna. 429. Hollyvs. Young, 27 Ala. 203. Besides, no action could lie in the case, but on the subsequent agreement, that was to say, on the policy, or the agreement contained in it as varied and altered by agreement and transfer of the 22d of January 1868, as the damages and loss complained of occurred afterward and under it. But the agreement as so modified, was not under the seal of the company, and, of course, an action of covenant would not lie upon it. Langworth vs. Smith, 2 Wend. 587. Jewellvs. Schroeppel, 4 Cow. 564. Greig vs. Talbott, 2 Barb. Cres. 179. Fordvs. Campbell, 6 Halst. 327. Lucini vs. Am. F. In. Co., 2 Whart. 167. 4Phil. Ev. 607.
Massey, (Ridgely with him) for the plaintiffs, conceded *Page 312 
that an agreement under seal could not be varied or altered by a subsequent parol agreement, but contended that under the facts stated and the averments contained in the second count of the declaration, the original policy of insurance was varied and altered, not by a subsequent parol agreement of the parties, but by a subsequent agreement in writing under the seal of the company and the signature of the President of it, incorporated into and made a part of the policy itself, on the day and date mentioned in the body and on the face of it; and that it was such an alteration and substitution of the building in which the property insured then was, and which was such a transfer of the policy to it, to accommodate it to change of the situs of it merely, as the Secretary had full and ample authority in the name of the company and for the company, to make, introduce and embody in it, in the mode and manner in which it was done by him on that occasion; and that his act in so doing it under that authority, was to all intents and purposes, the act of the company. And when it was so done and returned by him to the plaintiffs, and the company afterward by uniformly receiving premiums upon it from them, as was expressly averred in the count as a fact, and was, of course, admitted by the demurrer, recognized it as a good and valid and subsisting policy of insurance on the property so changed duly made and issued by the company, and it was under all the facts and circumstances alleged and admitted in the pleadings, equivalent to a redating, resealing, resigning by the President and redelivering the policy as so altered by the company to the plaintiffs on that occasion. And, if it was not in so many words so alleged in the count, yet it was expressly and specifically averred in it, among other things, that the company thereby covenanted to settle and pay the damage and loss afterward sustained by the plaintiffs, which clearly and necessarily imported, and in legal signification implied, that the agreement and policy as so varied and modified, was executed and delivered in due and proper form under the seal of the company. *Page 313 
An instrument under seal may be substantially altered in such a manner, although it cannot be done by a subsequent independent and separate agreement not under seal in general, or in any of the modes in question in the cases cited on the other side. Sewall vs. Sparrow, 16 Mass. 26. That a deed may be changed by a subsequent alteration in a material part of it and redelivered, was recognized in the case of Lucini vs. Am. F.Ins. Co., 2 Whart. 167. Hurls. on Bonds, 9 Law Libr. 63. Ch. on Contr.
783. This was a mutual fire insurance company, and the policy was perpetual, but subject to termination on certain conditions and the consent of the parties, which was not the case in 2 Whart. 167, for there the policy was limited in duration, and by its terms had expired on the day the subsequent agreement was entered into. It was averred in the count that the alteration in this case was made as stated, by and with the consent and authority of the company. No action whatever could have been maintained on the policy as it originally stood, after such an alteration had been agreed on by consent of parties and been duly incorporated into it; for the original policy was to the extent of the alteration terminated and extinguished by it.
By the Court. Our conclusion is that the demurrer must be overruled, and the defendant should plead to the count in question. We do not mean, however, to intimate any opinion as to the facts alleged in it, or upon the merits of the case as presented by it. A general demurrer admits the facts alleged, and only denies the law predicated upon them. But this is a special demurrer which does not have that effect, and, therefore, our decision against it, allows the defendant to plead to the count demurred to. That avers distinctly that the alteration alleged and demurred to, was under, by and with the consent and authority of the company, made a part of the policy of insurance after it was formally executed and delivered to the plaintiffs, and the court is of opinion that such an alteration may be made *Page 314 
in such a specialty or instrument by the agreement of the parties, and by incorporating the agreement in the body of it above the seal and signature of the party executing it, where the amount of the insurance is not increased by the alteration, provided it is afterward redelivered so altered, either in fact, or in contemplation of law, to the other party with the knowledge and consent of the party executing it. 1Greenl. Ev. sec. 569 in note. Hudson vs. Revett, 15 E. C. L. R. 472.